FILED
SUPERIOR COURT
OF GUAM

2019 MAY 13 AM 11: 48

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

                Plaintiff,

            v.

ELEVENSON RESSA,
DOB: 11/28/1998

                Defendant.

Case No. CF0528-17-02

DECISION & ORDER

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on February 18, 2019 for a hearing on a submission by Defendant Elevenson Ressa ("Defendant") of a Motion to Dismiss. The Defendant appeared with Alternate Public Defender Lisa Lorig, and the People of Guam were represented by Assistant Attorney General Sean Brown. After considering the arguments of the parties and the applicable law, the Court issues its Decision and Order denying the Defendant's motion.

### BACKGROUND

In September 2017, the grand jury returned an indictment against the Defendant charging him with Dissemination of Child Pornography (as a First Degree Felony), Possession of Child Pornography (as a Second Degree Felony), Third Degree Criminal Sexual Conduct (as a Second Degree Felony), and Attempted Third Degree Criminal Sexual Conduct (as a Second

Degree Felony). (Indictment at 1, Sep. 22, 2017). In December 2018, the Defendant moved to dismiss Charges One and Two of the Indictment. (Mot. Dismiss, Dec. 21, 2018). The People filed an opposition to the motion. (People's Opposition, Dec. 27, 2018). Initially, the Court declined to hear the Defendant's motion for untimeliness. (Order, Jan. 28, 2019). The Defendant filed a Motion for Reconsideration, requesting the Court hear the motion, which the Court granted for good cause. (Mot. Recons. Feb. 01, 2019); (Dec. & Order, Feb. 07, 2019). The Court heard arguments on the Defendant's Motion to Dismiss, and subsequently took the matter under advisement. (Minute Entry, Feb. 18, 2019).

## DISCUSSION

The Defendant contends that Charges One and Two of the Indictment are deficient, alleging that: 1) the charging language of the indictment is insufficient and 2) the grand jury was not presented with sufficient evidence to support a finding of probable cause. (Mot. Dismiss at 2, 4-5).

### A. The charging language of the indictment is sufficient.

Charges One and Two of the Indictment read as follows:

<u>FIRST CHARGE</u>
On or about the period between July 24, 2017 and September 13, 2017, *inclusive*, in Guam, **Elevenson Ressa** did commit the offense of ***Dissemination of Child Pornography (as a 1st Degree Felony)*** in that he did, knowing or having reason to know its character and content, knowingly disseminate child pornography in violation of 9 GCA §§ 28.40(i), 25A201(a)(1), 25A201(q), and 25A203(a)(1) and (c).

<u>SECOND CHARGE</u>
On or about the period between July 24, 2017 and September 13, 2017, *inclusive*, in Guam, **Elevenson Ressa** did commit the offense of ***Possession of Child Pornography (as a 2nd Degree Felony)*** in that he did knowingly possess child pornography, knowing or having reason to know its character and content, in violation of 9 GCA §§ 28.40(i) and 25A202(a)(1) and (c).

(Indictment at 2). For an indictment to be valid, it must contain a plain, concise, and definite written statement of the essential facts constituting the offense charged. 8 GCA § 55.10. The charging language of the indictment sufficient where it: 1) contains the necessary elements of the crime(s) alleged; 2) adequately informs the defendant of the crime to allow him or her to defend against the charge(s); and, 3) is stated with sufficient clarity to bar subsequent prosecution. *People v. Jones*, 2006 Guam 13 ¶ 12. Generally it is sufficient if an indictment sets forth the offense in the words of a statute so long as those words "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling v. U.S.*, 418 U.S. 87, 117, 94 S.Ct. 2887 (1974). Where the terms of the indictment are generic, those terms must be accompanied by particular facts. *U.S. v. Hess*, 124 U.S. 483, 487, 8 S.Ct. 571 (1888). However, where the terms used in the indictment have particular legal definitions that do not change with each indictment, the prosecution is not required to allege facts related to the component parts of those terms. *Hamling*, 418 U.S. at 118-19.

The Defendant concedes that the language of Charges One and Two contain the necessary legal elements of the offenses. (Mot. Dismiss at 2). However, the Defendant relies on *U.S. v. Russell*, 369 U.S. 749, 82 S.Ct. 1038 (1962), for the proposition that, in this case, it was not sufficient to track the language of the statute, but that a statement of facts and circumstances was required to properly inform the Defendant of the conduct to which he must defend against. *Id.*

In *Russell*, the defendant had been convicted of refusing to answer specific questions when summoned before a congressional subcommittee in violation of 2 U.S.C. § 192. *Russell*, 369 U.S. at 752. The indictment had not indicated the subject matter of the congressional

inquiry, but merely stated that "the questions to which answers were refused 'were pertinent to the question then under inquiry' by the subcommittee." *Id.* The U.S. Supreme Court, in holding that the language of the indictments was deficient, reasoned that without identifying the specific subject matter under inquiry, it would be impossible to ascertain whether the questions the defendant refused to answer were pertinent and, thus, the refusal to answer gave rise to criminal liability. *Id.* at 464. Because the criminality of the offense charged depended heavily on the *specific* subject matter of the inquiry, the indictment could not stand by merely tracking the language of the statute. *Id.*

The charging document before us is unlike the one in *Russell.* Here, each of the terms included in the charging language such as "disseminate" and "child pornography" all have specific, fixed legal definitions prescribed by statute. 9 GCA §25A201; *Hamling* 418 U.S. at 118-19 (specific facts need not be alleged in the indictment were the statutory terms have a legal definition that does not change between indictments). Additionally, unlike the charge in *Russell* whose criminality depended heavily on the specific subject of inquiry, the offenses the Defendant is charged with are not concerned with any specific nuance related to the elements. Instead, the Defendant's criminality depends solely on the prosecutor's ability to prove beyond a reasonable doubt that the Defendant knowingly disseminated or possessed child pornography as it is defined by statute within the time period contained in the indictment. As such, the Court finds that Charges One and Two have stated the offenses with sufficient clarity such that the Defendant is aware of what he must defend against and that he will be insulated from subsequent prosecution for the same offenses. *Jones*, 2006 Guam 13 ¶ 12.

## B. The evidence presented to the grand jury was sufficient to establish probable cause.

Guam law permits a defendant to challenge an indictment where he or she believes that the evidence presented to the grand jury is insufficient to establish probable cause that a crime has been committed and that he or she committed it. *See People v. Rios*, 2008 Guam 22 ¶ 11 (Guam Supreme Court interpreting 8 GCA § 45.80(b)[1] as applying to circumstances where the Court dismisses an indictment for lack of evidence to establish probable cause). If the evidence presented to the grand jury is insufficient to establish probable cause, then the Court must dismiss those charges of the indictment. 8 GCA § 45.80. The Defendant asserts that the evidence the grand jury received was insufficient to establish probable cause for Charges One and Two. (Mot. Dismiss at 4). Specifically, he argues the grand jury could not have determined that the alleged images he disseminated or possessed met the statutory definition of child pornography without viewing the video containing the alleged pornographic images. *Id.*

Child Pornography is defined as any pornographic visual representation of a minor engaged in sexual conduct, incorporating the definition of pornographic from Title 9 GCA Chapter 28, Article 2. 9 GCA §§ 25A201(a)(1), (a)(2), and (m). In order for a material or a performance to be pornographic it must meet the following criteria:

(1) the average person, applying contemporary community standards, would find that taken as a whole, it appeals to the prurient interest.
(2) It depicts or describes sexual conduct in a patently offensive way.
(3) Taken as whole, it lacks serious literary, artistic, political, or scientific merit.

9 GCA 28.40(i). Accordingly, in order to return a true bill for Charges One and Two, the grand jury would have had to determine that the alleged video met each of the criteria above. The

---

[1] 8 GCA § 45.80(b) reads:
"(b) If from the evidence it appears that there is no probable cause to believe that an offense has been committed or that the defendant committed it, the court shall dismiss the complaint and discharge the defendant. Such discharge shall not preclude the government from instituting a subsequent prosecution for the same offense."

Defendant argues that the grand jury must watch the allegedly pornographic video in order to make this determination. (Mot. Dismiss at 4).

This Court is not aware of any case law, nor does the Defendant cite any, that suggest a grand jury *must* view allegedly pornographic images in order to make a determination that the alleged material is pornographic. Instead, the Court finds that at least two other jurisdictions have concluded that it is sufficient for a grand jury to receive summaries or third party testimony regarding the contents of the allegedly pornographic material. *People v. Hirsch*, 582 N.E.2d 1228, 1232 (Ill. App. 1991) (holding that a police officer's monosyllabic answers to leading questions about the contents of pornographic material was sufficient evidence to support an indictment); *see also Com. v. Rubio*, 2000 WL 33799721 at \*5 (Mass. Supp. Nov. 16, 2000) ("At a minimum, the grand jury should have a copy of a transcript or summary of an audio or video tape exhibit, or a synopsis prepared by someone who is familiar with the original."). This is in line with the general consensus that a grand jury "convenes as a body of laymen free from technical rules." *U.S. v. Costello*, 350 U.S. 359, 362, 76 S.Ct. 406 (1956). Guam Law does require that the grand jury receive competent evidence. 8 GCA § 50.42. However, competent evidence is not a particularly high bar, and the evidence presented to the grand jury does not necessarily have to be the type that would survive an evidentiary challenge at trial. *People v. Kaisinger*, 1984 WL 48832 at \*4 (D. Guam App. Aug. 17, 1984). Therefore, we decline to hold that a grand jury must view the alleged pornographic material in order to make a probable cause determination. Instead, we find that testimony by a third party regarding the contents of the material is enough so long as the statements elicited are not conclusory and allow the jury to make an independent determination of the material's pornographic nature. *See People v. Cahill*, Superior Ct. Case No. CF0289-15 (Dec. & Order at

17-18, Mar. 18, 2016) (holding that the jury did not receive competent evidence because the prosecution instructed the grand jury that the material was pornographic without an opportunity for the jury to evaluate the material for themselves).

Here, the grand jury was presented with a description of the video depicting the alleged victim, then fifteen years old, and the Defendant having sexual intercourse in the jungle. (Mot. Dismiss at 4); (People's Opposition at 1-2). They also received evidence of the victim's age and date of birth. *Id.* at 2. A reasonable juror could have easily found that the description of the video met the definition of pornographic under 9 GCA § 28.40(i). An average person would find that a video of a minor engaged in sexual intercourse appeals to the prurient interest because it is a video of people having sexual intercourse. It also would depict sexual conduct in a patently offensive way, because an average person would find a video of a minor engaged in sexual activity to be offensive. Additionally, the description of the video would lead a reasonable juror to conclude that it had no literary, artistic, political, or scientific merit. This video is not some sort of period piece or independent film—it is a video of an underage girl having sex with a young man in the jungle. Accordingly, we find that the grand jury received sufficiently competent evidence to support a finding of probable cause and return a true bill on Charges One and Two of the Indictment.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** the Defendant's Motion to Dismiss. A pre-trial conference will be held on June 10, 2019 at 3:00 p.m.

**IT IS SO ORDERED** this 13th day of May, 2019.



_____

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

APD

Date: 5/13/19 Time: 11:53 Am

Deputy Clerk, Superior Court of Guam